**Albert JACKSON, Appellant,**

v.

**DELAWARE RIVER AND BAY AUTHORITY.**

No. 04–1696.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Nov. 16, 2004.

Decided Dec. 1, 2004.

E. Alfred Smith, Philadelphia, PA, for Appellant.

Mary E. Reeves, Donna Adelsberger & Associates, Glenside, PA, for Appellee.

Before ROTH, SMITH and WEIS, Circuit Judges.

### OPINION

WEIS, Circuit Judge.

Plaintiff was a seaman employed by defendant. He served on the defendant's ferries for more than ten years. In June 2002, plaintiff settled a lawsuit that he and others had brought against defendant alleging racial discrimination and complaints about working conditions. The settlement agreement was reached after a day of trial in the District Court and after extensive negotiations. The District Court approved the settlement.

An important feature of the agreement was Jackson's resignation. Soon after the settlement, plaintiff filed this suit against defendant alleging entitlement to maintenance and cure, as well as damages under the Jones Act.

After discovery, the District Court granted summary judgment for defendant based on the language of a release plaintiff had signed as part of the settlement agreement. The Court concluded that the words "all claims" in the release were to be read literally and thus barred the suit based on maritime law.

We have carefully reviewed all of the contentions raised by plaintiff seeking to find the release inapplicable. The plaintiff's assertions are not persuasive. Essentially, for the reasons set out in the

carefully drawn and comprehensive opinion of the District Court, we will affirm.

Accordingly, judgement of the District Court will be affirmed.